From W. G. Barker, Mercer, Pa.

---

## Schiesser v. Hartman.

*Justice of the peace—Appeals—Bond of attorney-at-law—Rules of court— Striking off appeal.*

1. A rule of court providing that attorneys-at-law shall not become surety in appeals from justices of the peace is a proper one and should be enforced in a proper case.

2. Where an attorney-at-law has become surety on such an appeal, plaintiff's motion to strike off the appeal will not be granted, inasmuch as defendant did not break the rule and striking off the appeal would deprive him of a right granted to him by the legislature.

Motion to strike off appeal from judgment of justice of the peace. C. P. Montgomery Co., Feb. T., 1924, No. 5.

*Warren H. Cogswell*, for plaintiff.

*Evans, High, Dettra & Swartz*, for defendant.

WILLIAMS, J., March 28, 1924.—The single reason given in support of the above motion is that the surety on the appeal bond is a member of the bar— the reason assigned being, doubtless, because our Rule 37 says that no attorney shall become surety in appeals from justices of the peace.

The rule is hoary with age. So long has it lived that the memory of the oldest living local practitioner runneth not to the contrary thereof. Since it

has survived revision after revision of the rules, it must have been founded, originally, on the best of reasons; otherwise, long ago, it would have been abrogated. Most members of the bar readily understand why the rule persists, for, among other purposes, it serves to afford all lawyers protection from the annoying importunities of clients.

An ancient and wholesome rule, it is no different from any other rule of court in that it ought to be obeyed. For an officer of the court knowingly and deliberately to violate the rule may seem to show on his part not only a lack of co-operation with the other members of the bar, the majority of whom, apparently, at least, favor the retention of the rule, but also a want of appreciation of the attitude of, if not actual disrespect towards, the court, which, at the suggestion of the bar, adopted the rule, not for the expedition of the public business or the convenience of the court itself, but to make more pleasant the performance of duty by the officers of the court. Whenever invoked, therefore, the rule ought to be enforced: Laughlin v. Prigg, 3 Dist. R. 418 (1894), Waddell, P. J. (15th District).

Conceding, however, that security was entered here in plain contravention of a wise and venerable rule of court deserving obedience, it does not follow, necessarily, that the motion to strike off the appeal must be allowed.

In the first place, the inhibition, which is directed toward prothonotaries, clerks of court and officers concerned in the execution of process, as well as attorneys, includes only officers of the court. No one other than an officer of the court can violate the rule.

It is not contended that the defendant broke the rule. Since she is not an attorney, it is beyond possibility that she could have violated it. It may be true that the member of the bar who became surety for the payment of future costs was, at the time of so doing, counsel for the defendant, but, in this connection, it must be borne in mind that it was not as the legal representative of the latter that the former signed the appeal bond. On the contrary, he executed it in his own individual capacity. For himself and not as her agent he gave the obligation.

To allow the motion is to deprive the defendant of a right granted her by the legislature. The judicial arm of the state government ought not to deprive a citizen of a boon given by the legislative hand unless that citizen has done something to warrant the forfeiture of the privilege conferred. Here, the defendant has done nothing at all, much less anything wrongful. To take the judicial action sought, therefore, would amount to a direct punishment by the court of an innocent client for the act of an officer of the court. To do this would be flagrantly unjust and, hence, is unthinkable.

In the second place, the rule is significantly silent as to any manner in which the appeal can be affected by an infraction on the part of an officer of the court.

Even if the court were disposed to visit upon the defendant punishment for the act of some one other than herself, the fractured rule does not authorize the drastic penalty proposed by counsel for the plaintiff. To strike off the appeal would work a substantial denial of justice to the defendant, who may be possessed of a perfect defence to the claim in action. The defendant should not be so stripped of her day in court unless the contemplated deprivation finds full sanction in the rule of court invoked for that specific purpose.

And now, March 28, 1924, the motion to strike off the appeal from the judgment of the justice of the peace is overruled and the sole reason in support thereof is dismissed.